**Dated: September 07, 2007**
**The following is ORDERED:**



_____
Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

**RAELYN MARIE WAKE**  Case No. 07-80036
  Chapter 7

        Debtor.

### O R D E R

On the 1st day of August, 2007, the United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. 707(b)(3) with Authority in Support and Objection to Motion to Dismiss, filed by Debtor, came on for evidentiary hearing. Appearances were entered by Paul Thomas, Attorney for the United States Trustee (the "UST") and Jimmy Veith, Attorney for Debtor. After reviewing the testimony and evidence, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

Debtor filed for bankruptcy relief under Chapter 7 of the Bankruptcy Code on January 12, 2007. On her means test calculation ("Form B22A"), Debtor indicated that the presumption of abuse does not arise in her case. Debtor's Form B22A lists her current monthly income ("CMI") as

$2,397.42. Debtor's total monthly income is listed on Schedule I as $2,754.71. This considerable difference is due to the fact that Debtor was employed for only four of the six months preceding her bankruptcy filing, from which her CMI was calculated. Had Debtor's current employment encompassed those six months, her total CMI would have been above the median income.

Debtor is a registered nurse for Tri County Hospice and earns approximately $42,000.00 annually. Debtor is thirty years of age and is single with no dependents. In her schedules, Debtor listed no secured debts, and nonpriority unsecured debts totaling $48,826.28. Approximately $12,000.00 of Debtor's unsecured debt consists of student loan debt. On her petition, Debtor indicated that her debts are primarily consumer debts, as defined in 11 U.S.C. § 101(8).

Debtor does not own a vehicle. On her Schedule J, however, Debtor lists payments for two vehicles totaling $862.53, with an explanation of "oral lease agreements."Approximately one year before filing bankruptcy, Debtor purchased a 2006 Mitsubishi Eclipse, with monthly payments of $501.00. Just a few months later that vehicle was repossessed. In May, 2006, Debtor purchased a 2006 Chevy pickup with a monthly payment of $418. In September of 2006, Debtor traded in the pickup and her father leased a 2007 Chevy Tahoe with a $644.14 monthly payment. Debtor and her father orally agreed that Debtor would use this vehicle and make the monthly payments. After considering filing bankruptcy on December 7, 2006, Debtor's mother purchased a 2005 Chevy Cavalier with a $218.39 monthly payment. Debtor made an oral agreement with her mother that Debtor would use the Cavalier and make that monthly payment as well.

Debtor testified that she needs the Tahoe to transport medical equipment in her employment. She further testified that the Cavalier is necessary to keep the mileage low on the Tahoe. Debtor uses the Tahoe about three days during the week and on the weekends, and uses the Cavalier the

2

remaining days.

Section 707(b)(1) provides that, after notice and a hearing, the Court may dismiss a case filed by an individual whose debts are primarily consumer debts if it finds that granting relief would be an abuse of the provisions of Chapter 7. 11 U.S.C. § 707(b)(1). In considering whether granting relief would be an abuse in which the presumption of abuse does not arise or is rebutted, the Court shall consider whether the debtor filed the petition in bad faith or the totality of the circumstances of the debtor's financial situation demonstrates abuse. 11 U.S.C. § 707(b)(3).

The Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") replaced dismissal based upon "substantial abuse" under pre-BAPCPA § 707(b) with a lower "abuse" standard. Prior to BAPCPA, the Tenth Circuit had ruled that a debtor's ability to pay is a primary factor in determining whether granting relief would amount to substantial abuse. *In re Stewart,* 175 F.3d 796, 809 (10th Cir. 1999). Further, the Tenth Circuit had stated in *Stewart* that other relevant factors must also be examined, and adopted the totality of the circumstances standard. *Id.* In addition to the ability to pay, factors include: (1) whether debtor suffered any unique hardships, such as sudden illness, calamity, disability, or unemployment; (2) whether cash advances and consumer purchases exceed ability to pay; (3) whether debtor will enjoy a stable source of future income; (4) whether debtor's expenses can be significantly reduced without depriving debtor of adequate food, clothing, shelter, and other necessities; (5) whether debtor qualified for Chapter 13 relief; and (6) debtor's good faith. *Id.,* at 809-10.

"Courts have found that the 'standard for evaluating abuse under ... the new act is identical to the standard used for determining "substantial abuse"' under the old act." *In re Heath,* ___ B.R. ___, 2007 WL 1982194, at *7 (Bankr. E.D. Mich. July 6, 2007) (quoting *In re McIvor,* 2006 WL

3

3949172, at *4 (Bankr. E.D. Mich. Nov. 15, 2006); *See also In re Sullivan,* ___ B.R. ___, 2007 WL 1876485, at *4 (Bankr. D. Mont. June 27, 2007) ("Because Congress retained the phrase 'totality of the circumstances' in BAPCPA, the Court concludes that it may look to pre-BAPCPA case law to construe the meaning of that phrase under § 707(b)(3)"). Further, a "[d]ebtor's contention that he 'passed' the means test of § 707(b)(2) is not a defense to a § 707(b)(3) motion to dismiss." *In re dePellegrini,* 365 B.R. 830, 833 (Bankr. S.D. Ohio 2007).

The UST argues the totality of the circumstances supports dismissal. Under the UST's hypothetical budget and debt repayment analysis, the Debtor has sufficient disposable income to repay a substantial portion of her unsecured debts. The UST also notes that Debtor has no legal obligation to make the payments on her two vehicles. The UST argues that even when the payment on the more economical vehicle is allowed, Debtor would still be able to repay a substantial portion of her unsecured debt. The UST also notes that Debtor is currently eligible for Chapter 13 relief, and has a stable source of income.

Under the UST's hypothetical budget, Debtor has disposable income of $771.36 per month. Over a period of thirty-six (36) months, that disposable income totals $27,768.96. Over a period of sixty (60) months, the total jumps to $46,281.60.[1]

In examining the totality of the circumstances, this Court will first examine Debtor's ability to repay her debts. Debtor has an annual income of $42,000, and is single with no dependents. According to the UST's hypothetical budget, Debtor could have significant disposable income each month. Only one vehicle is necessary for the Debtor's use, and a reasonable vehicle payment would

---

[1] In a Chapter 13 case, because the Debtor's CMI was below the median, the "applicable commitment period" would be thirty-six months. *See* 11 U.S.C. § 1325(b)(1)(B) & (4)(A).

4

greatly reduce Debtor's monthly expenses.

In examining the other factors set forth above, this Court finds that Debtor did not suffer any sudden illness, calamity or disability. Debtor was unemployed for a time before filing for bankruptcy, but now has steady employment and a stable source of future income. The Debtor's consumer purchases in the year proceeding her bankruptcy filing did exceed her ability to pay. Debtor purchased or orally leased four vehicles in the year before filing for bankruptcy relief. "Bankruptcy relief is not intended to remedy the consequences of extravagant spending." *Stewart,* 175 F.3d at 809-10.

As stated above, Debtor's expenses can be significantly reduced without depriving the Debtor of adequate food, clothing, shelter, and other necessities. One way for Debtor to greatly reduce her monthly expenses is to only have one reasonable car payment. Debtor qualifies for Chapter 13 relief. As for the Debtor's good faith, this Court is hard pressed to find that Debtor has acted in bad faith. With the other factors present in this case as discussed above, this Court finds there is more than sufficient cause to dismiss the Debtor's petition.

On a final note, this Court points out that Debtor's parents are unsecured creditors, and should receive the same treatment the other unsecured creditors are receiving in this case.

For the reasons set forth above, this Court finds the UST has established, based on the totality of the circumstances, that cause exists to dismiss the Debtor's petition under 11 U.S.C. § 707(b)(3). The Debtor's case shall be dismissed, unless the Debtor, within fifteen (15) days from the entry of this Order, elects to convert her Chapter 7 case to a case under Chapter 13.

IT IS THEREFORE ORDERED that the Debtor shall have **fifteen (15) days** from the entry of this Order to **convert to Chapter 13**. If the case is not converted, the United States Trustee's

5

Motion to Dismiss Pursuant to 11 U.S.C. 707(b)(3) shall be **granted.**

###

6